# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

CARLETTE SUMPTER,                     )
                                      )
        Plaintiff,                    )
                                      )
        v.                            )        C.A. No. N22C-06-035 FWW
                                      )
FOOD LION, LLC,                       )
                                      )
        Defendant.                    )

Submitted: July 20, 2022
Decided: August 1, 2022

*Upon Defendant Food Lion, LLC's Motion to Dismiss,*
**DENIED.**

## ORDER

Carlette Sumpter, 1204 Terra Hill, Apt. 2B, Wilmington, DE 19809, Plaintiff, *pro se*.

William A. Crawford, Esquire, and Oleh V. Bilynsky, Esquire, FRANKLIN & PROKOPIK, 500 Creek View Road, Suite 502, Newark, Delaware 19711, Attorneys for Defendant Food Lion, LLC.

**WHARTON, J.**

This 1st day of August 2022, upon consideration of Defendant Food Lion, LLC's ("Food Lion") Motion to Dismiss,[1] the response of Plaintiff Carlette Sumpter ("Sumpter"),[2] and the record in this case, it appears to the Court:

1.     Sumpter brings this action alleging she was injured on June 7, 2020 when she slipped on a piece of loose fruit on the floor of a Food Lion store.[3]

2.     Food Lion moves to dismiss on statute of limitation grounds, arguing that the Complaint was filed on June 9, 2022, outside of the two-year statute of limitations for personal injury claims under 10 *Del. C.* § 8119.[4]

3.     Sumpter responds contending that she actually hand-filed the Complaint with the Prothonotary on June 6th.

4.     A motion to dismiss for failure to state a claim pursuant to Superior Court Rule 12(b)(6) will not be granted if the "plaintiff may recover under any reasonably conceivable set of circumstances susceptible of proof under the complaint."[5] The Court's review is limited to the well-pled allegations in the complaint.[6]  In ruling on a 12(b)(6) motion, the Court "must draw all reasonable

---

[1] D.I. 8.
[2] D.I. 11.
[3] Compl., D.I. 1.
[4] D.I. 8.
[5] *Browne v. Robb*, 583 A.2d 949, 950 (Del. 1990).
[6] *Doe v. Cahill*, 884 A.2d 451, 458 (Del. 2005).

factual inferences in favor of the party opposing the motion."[7]  Dismissal is warranted "only if it appears with reasonable certainty that the plaintiff could not prove any set of facts that would entitle him to relief."[8]

5.    It seems the confusion here lies with the date state stamp on the Complaint.  It states that the Complaint was e-filed on June 9th.[9]  However, a Case History Search on File & ServeXpress reveals that the Complaint actually was filed on June 6th, within the statute of limitations.  It appears that there was a delay between when Sumpter hand-filed the Complaint with the Prothonotary and when that office was posted it on File&ServeXpress.

**THEREFORE**, because the Complaint was filed within the statute of limitations, Food Lion, LLC's Motion to Dismiss is **DENIED.**

**IT IS SO ORDERED.**

/s/ *Ferris W. Wharton*
Ferris W. Wharton, J.

---

[7] *Id.*
[8] *Id.*
[9] D.I. 1.